616 A.2d 37

**TANGLWOOD LAKES COMMUNITY ASSOCIATION**

v.

**Marion LASKOWSKI and Maria Laskowski, His Wife**

v.

**S.U. HOME BUILDERS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1992.

Filed Nov. 16, 1992.

Peter C. Paul, Philadelphia, for S.U. Home Builders, appellant.

Wieslaw T. Niemoczynski, Stroudsburg, for Laskowski, appellees.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from a January 16, 1992 order denying appellant, S.U. Home Builders, Inc., post-trial relief. Appellant presents one issue on appeal:

> Was the lower court divested of jurisdiction over the subject matter which is under appeal to the Superior Court?

Appellant's brief at 3. For the reasons that follow, we affirm.

This appeal stems from a dispute arising from the construction of a home in Tanglwood Lakes, on property which was subject to the rules of the Tanglwood Lakes Community Association [hereinafter "Tanglwood"], appellee in the instant case. Appellant was hired by Marion and Maria Laskowski, also appellees in the current action, to construct a home. Appellant's attempted construction of the home rendered the lot unsuitable for residential construction for a period of a least four years. Two separate actions were then filed in the Court of Common Pleas of Pike County.

In the first action, the Laskowskis brought suit against appellant seeking a release of the balance of a construction

fund which was held in escrow, recovery of other money paid to appellant, and funds to cover the cost of restoring the property to its previous condition. In the second action, Tanglwood, brought suit against the Laskowskis. Tanglwood claimed that although construction was begun on the lot, it was not completed within the time allowed for construction within the Tanglwood Lake community. Tanglwood sought either completion of construction or the return of the lot to its previous undisturbed condition.

The cases were joined for trial on March 13, 1991. Thereafter, Tanglwood and the Laskowskis entered into a stipulation wherein the Laskowskis agreed that they would either complete construction or restore the lot to its original condition. The case then proceeded to trial on the issues involving the Laskowskis and appellant.

On June 10, 1991, the court entered an order directing that appellant refund all monies paid by the Laskowskis, and that the money paid into the construction escrow account be returned to the Laskowskis. The trial court further held that appellant would be responsible for payment of the cost of restoring the property to its pre-construction condition. Appellant's post-trial motions were denied and appellant subsequently appealed the verdict to the Superior Court in September, 1991.

On September 17, 1991, Tanglwood filed a motion seeking to hold both appellant and the Laskowskis in contempt for failure to restore the property to its original condition. On October 31, 1991, the court entered an order directing that the lot be restored to its previous condition by the Laskowskis within thirty days, and that appellant comply in all other respects with the court's June 10, 1991 order within thirty days. Appellant filed post-trial motions with respect to the October 31 order. On January 16, 1992, the trial court denied appellant's motion for post-trial relief. The court also directed appellant to pay upon demand the costs incurred for restoration of the lot, to return all funds paid by the Laskowskis, and to release the money in the escrow account, or face fines of one hundred dollars a day for each day of noncompliance. This timely appeal followed.

Appellant argues that the trial court in this case did not have the power to enforce its January 16, 1992 order as there is an appeal in progress in this case. To support this contention appellant cites Pa.R.A.P. 1701(a) which states:

**General Rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

Appellant also states the well known proposition that once an appeal is taken, "the trial court is divested of jurisdiction over the subject matter until further order of the appellate court reinstating jurisdiction." *Ingram v. Dovertown Estates, Inc.,* 307 Pa.Super. 22, 26, 452 A.2d 884, 886 (1982) (citing *Bartle v. Bartle,* 304 Pa.Super. 348, 450 A.2d 715 (1982)). While the above-stated characterizations of the law are accurate, they are inapposite to the question at hand.

Pa.R.A.P. 1701(b)(2) states that the trial court has the power to "enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter." We have previously noted in discussing the effect of Rule 1701(b) that: "trial court possess inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with their orders. *Rouse Philadelphia Inc. v. Ad Hoc '78,* 274 Pa.Super. 54, 71, 417 A.2d 1248, 1257 (1979), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). This power is retained even after an appeal is filed, absent supersedeas." *Travitsky v. Travitsky,* 369 Pa.Super. 65, 71, 534 A.2d 1081, 1084 (1987) (citing Pa.R.A.P. 1701(b)(2)). In the instant case appellant made no effort to comply with Chapter 17 of the Rules of Appellate Procedure. Appellant never sought supersedeas or a stay to the court's original order in any court. Thus the trial court could properly enforce its order against appellant by imposing sanctions for lack of compliance. Accordingly, we affirm the trial court's order.

Affirmed.

JOHNSON, J. concurs in the result.