J-A18037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHERRILYN D. WASHINGTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY HAMILTON | |
| Appellant | No. 1765 MDA 2013 |

Appeal from the Order Entered August 30, 2013
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2004-2534

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 26, 2015**

Harry Hamilton appeals from an order of the Court of Common Pleas of Centre County holding him in contempt of a discovery order.  Following careful review, we affirm.

Sherrilyn D. Washington and Harry Hamilton have been involved in protracted domestic relations litigation since June 8, 2004, when Washington filed a complaint for divorce in which she sought, *inter alia*, custody of the parties' son, who was born on August 5, 2001.

On September 12, 2011, Washington filed a motion to compel responses to her second set of interrogatories and to her second request for production of documents.  In the motion, she avers that she "needs the requested information to properly litigate the divorce and related claims." Motion to Compel, 9/12/11, at ¶ 8.

On October 18, 2011, the court filed an order directing Hamilton to respond to all discovery requests within twenty days. On November 21, 2011, Washington filed a motion for sanctions averring that Hamilton served inadequate and incomplete responses to her discovery requests.

On April 9, 2013, the court granted Washington's motion for bifurcation and entered a divorce decree erroneously referencing mutual consent pursuant to 23 Pa.C.S. § 3301(c). On July 11, 2013, the court vacated the April 9, 2013 decree and issued a new divorce decree on the grounds of irretrievable breakdown (parties having lived separate and apart for at least two years) pursuant to 23 Pa.C.S. § 3301(d).

On August 5, 2013, Washington filed a petition for civil contempt stating that Hamilton failed to comply with the October 18, 2011 discovery order. The court held a hearing on August 28, 2013, at which it considered several motions including Washington's petition for civil contempt. In response, the trial court issued the following order from the bench:

ORDER

AND NOW, August 28, 2013, Plaintiff's Petition for Civil Contempt for disobedience of this Court's previous Order dated October 17, 2011, is hereby GRANTED. Defendant is hereby found in contempt for failing to respond to all outstanding discovery requests.

Defendant shall respond to all outstanding discovery requests within thirty (30) days of this Order. Failure to do so will result in a period of incarceration of thirty (30) days in the Centre County Correctional Facility to commence on September 28, 2013, at 9:00 a.m.

- 2 -

The order, reduced to writing, was filed on August 30, 2013, and Hamilton filed a notice of appeal on September 30, 2013.

On September 20, 2013, Hamilton filed a motion for stay or continuance, which the court denied, and on September 23, 2013, Washington filed a petition for enforcement of the contempt order and opposing the request for continuance.[1]  By order filed October 11, 2013, the trial court scheduled oral argument on November 4, 2013, for several matters including Hamilton's motion to dismiss the contempt petition.  On November 1, 2013, Hamilton filed an answer to the petition for enforcement.[2]  By order dated November 4, 2013, the court granted Hamilton's motion for stay or continuance "once the investigation by the United States Army is concluded."[3]

On June 12, 2014, Washington filed a petition for civil contempt averring that the investigation was concluded and that Hamilton had failed

_____

[1] Our discussion of matters occurring in the trial court after the filing of the instant appeal is solely for the purpose of giving a complete picture of the extent to which the court has been involved in resolving the discovery issue.

[2] In his brief, Hamilton states that the trial court "held another hearing on November 1, 2013 on Plaintiff's motion to enforce the criminal contempt." Appellant's Brief, at 6.  However, the trial court docket does not reference such a hearing, nor has a transcript of such proceeding been included in the record on appeal.

[3] In his brief, Hamilton states that he "obtained the stay based on an investigation by the United States Army concerning Hamilton's marriages." Appellant's Brief, at 14.

to notify the court in violation of the November 4, 2013 order. On July 30, 2014, Hamilton filed a petition to vacate the contempt finding. The same day, the court scheduled argument on the contempt petition and the petition to vacate for October 2, 2014.[4]

Hamilton raises the following issues for our review:

1. Whether the court errs as a matter of law and demonstrates bias by proceeding on a petition for contempt of a custody order that attaches only a previously litigated order concerning divorce from two years prior after an appeal has been filed on the divorce and custody action?

2. Whether the court errs as a matter of law, violates Constitutional rights of an accused, and demonstrates bias by failing to conduct a hearing by permitting argument or sworn testimony including cross-examination, and the presentment of exhibits?

3. If the trial court does not retain jurisdiction of matters of custody and declares all claims determined, may the parties appeal the actions in custody and the trial court's failure for three years to conduct a hearing or make any of the considerations under Title 23 Chapter 51 of the Pennsylvania Statutes (particularly section 5328(a)(1) and (6-12) and 5331)?

Appellant's Brief, at 4.

When considering an appeal from an order holding a party in contempt of court our scope of review is limited. "We will reverse only upon a showing of an abuse of discretion. This court must place great reliance on the sound

---

[4] The most recent trial court docket sheet provided to this Court does not contain a reference to the hearing, and no transcript has been provided as part of the supplemental record.

discretion of the trial judge when reviewing an order of contempt." **Rhoades v. Pryce**, 874 A.2d 148 (Pa. Super. 2005) (citations omitted).

Hamilton notes that on August 28, 2013, the court held him in contempt of an order filed October 18, 2011. Although the discovery requests, and any answers thereto, have not been included in the original record as exhibits to any pleadings, and thus are not subject to our review, the trial court stated at the hearing that the discovery requests related to divorce, and not to custody. N.T. Hearing, 8/28/13, at 11-12.

Hamilton maintains that once the trial court issued the divorce decree on July 11, 2013 and an appeal was filed, it no longer had jurisdiction to enter a contempt order related to discovery in the divorce matter. We disagree. Pennsylvania Rule of Appellate Procedure 1701(b)(2) provides that after an appeal is taken, the trial court may "enforce any order entered in the matter unless the effect of the order has been superseded as prescribed in this chapter." "Generally, an appeal to an appellate court does not act as an automatic supersedeas." G. Darlington, et al., 20A Pennsylvania Appellate Practice, §1701:20 (2014 ed.). **See also**, **Tanglwood Lakes Community Ass'n v. Laskowski**, 616 A.2d 37 (Pa. Super. 1992) (trial courts possess inherent power to enforce their orders by imposing sanctions for failure to comply and such power is retained after appeal, absent a supersedeas); **Travitzky v. Travitzky**, 534 A.2d 1081 (Pa. Super. 1987) (trial court has inherent power to enforce its order even after appeal is filed, absent a supersedeas); **Rouse Philadelphia, Inc. v.**

*Ad Hoc '78*, 417 A.2d 1248 (Pa. Super. 1979) (courts have always possessed the inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with orders). Accordingly, the appeal from the divorce decree did not preclude the trial court from issuing an order finding him in contempt of a discovery order.

Hamilton next argues that the trial court erred by failing to conduct a hearing before finding him in contempt. The trial court adequately addressed this issue in its Pa.R.A.P. 1925(a) opinion, noting:

> The Court was not required to hold a full evidentiary hearing before entering the August 30, 2013 Order. ***See***, ***e.g.***, ***Diamond v. Diamond***, 792 A.2d 597 (Pa. Super. 2002) (contemnor who received notice and an opportunity for explanation and defense was afforded due process).
>
> . . .
>
> Based upon a review of the relevant portions of the record, including the Answer to Interrogatories and Answer to Document Requests, the Court concluded that [Hamilton] had clear notice of the 2011 discovery order and intentionally violated it. Accordingly, the Court entered the August 30, 2013 Order, giving [Hamilton] thirty days to purge the contempt by responding to all outstanding discovery requests and directing that he be incarcerated should he fail to do so.
>
> [Hamilton's] Motion to Dismiss the Contempt Petition is scheduled to be heard on November 4, 2013. Thus, [Hamilton] has been provided with notice of the underlying order, an opportunity to object, time to purge the contempt, and a hearing.

Trial Court Opinion, 9/1/13, at 2-3.

- 6 -

Accordingly, Hamilton has failed to establish that the trial court violated his due process rights by its handling of the contempt matter, and accordingly we perceive no abuse of discretion on the part of the trial court.

Hamilton's final issue involves his dissatisfaction with the way in which the court has handled the protracted custody litigation regarding his son. Based on the notes of testimony from the August 28, 2013 hearing, it is clear that the discovery requests involved matters related to divorce, and not to custody. N.T. Hearing, 8/28/13, at 11-12. Because the order appealed from does not relate to custody, we decline to address the issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2015