J-S48009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CINNAMON GILCH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN SHAFFER | |
| Appellant | No. 1271 WDA 2014 |

Appeal from the Order of July 10, 2014
In the Court of Common Pleas of Allegheny County
Family Court at No.: FD 13-01759

BEFORE: PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 11, 2015**

Brian Shaffer appeals the July 10, 2014 order that dismissed three petitions for indirect criminal contempt ("ICC") that were filed by Cinnamon Gilch and found Shaffer in contempt of the trial court's January 23, 2014 order. We affirm.

On September 24, 2013, the trial court in Butler County entered a final Protection from Abuse ("PFA") order on behalf of Gilch that prevented Shaffer from having any contact with Gilch, including entering the GetGo where Gilch worked.[1] The parties appeared before the trial court in

_____

[1] The Butler County order is not part of the certified record. Generally, a document that is not part of the certified record is deemed not to exist for purposes of appellate review. *Ruspi v. Glatz*, 69 A.3d 680, 691 (Pa. Super. 2013). However, Shaffer has included the final PFA in his reproduced record, Gilch has not objected to its inclusion, and the order is specifically

*(Footnote Continued Next Page)*

Allegheny County on October 16, 2013, as a result of an ICC complaint filed by Gilch. On that day, the ICC was dismissed. However, the resulting order memorialized the parties' agreement to clarify the Butler County PFA that Shaffer was prohibited from entering the GetGo parking lot or the premises and specified the hours that Gilch worked. On October 29, 2013, the Butler County trial court entered a new PFA order incorporating the agreed-upon language.[2]

On October 26, 2013, after the Allegheny County order outlining the agreed-upon modification, but before the entry of the Butler County order, Gilch filed another ICC complaint in Allegheny County, alleging that Shaffer had violated the agreed-upon language in the order. Shaffer argued that he was not in contempt of the Butler County PFA because the PFA did not include the agreed-upon language at the time of the incident. At a hearing on the ICC complaint, on January 23, 2014, the Allegheny County trial court found Shaffer in violation of the PFA, imposed a $500 fine, which was suspended, and ordered Shaffer to pay $1,000 in counsel fees.

On February 10, 2014, Shaffer filed a notice of appeal of the January 23, 2014 order. The notice of appeal was docketed in the trial court, but

_(Footnote Continued)_ ————————————

referenced in documents contained in the certified record. Therefore, we reference the document to provide background context for the appeal.

[2] As before, this document is not part of the certified record and is only referenced to provide background.

never forwarded to this Court. On July 10, 2014, the trial court held a hearing on three new ICC complaints filed by Gilch. Although the trial court dismissed the ICCs, it found Shaffer in contempt of its January 23, 2014 order because he had not paid the ordered counsel fees. The trial court ordered Shaffer to pay the fees within thirty days or a bench warrant would issue. At the hearing, Shaffer argued that he could not be in contempt of the January 23 order because he had appealed it.

On August 6, 2014, Shaffer filed a notice of appeal in which he purported to appeal the January 23 and July 10 orders.[3] The trial court ordered Shaffer to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Shaffer timely complied. On January 13, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Shaffer raises the following issues for our review:

_____

[3] A separate notice of appeal must be filed for each final order appealed. **See** Pa.R.A.P. 341 Note (citing **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007)); **Sulkava v. Glaston Finland Oy**, 54 A.3d 884, 888 (Pa. Super. 2012) ("As a general rule, [t]aking one appeal from separate judgments is not acceptable practice and is discouraged." (citations and quotation marks omitted)). As we discuss *infra*, Shaffer previously filed a notice of appeal of the January 23 order, so we consider this appeal to be an appeal of the July 10 order. To the extent that Shaffer argues that the July 10 order "reaffirmed" the January 23 order and that he may, therefore, incorporate an appeal of the January 23 order into an appeal of the July 10 order, **see** Shaffer's Brief at 14, we disagree. The January 23 order was a final order and had to be appealed within thirty days of its entry to be a timely appeal. **See** Pa.R.A.P. 341, 903.

1. The stipulated order that formed the basis for the January 23, 2014 ICC hearing did not constitute a violation of any Butler County PFA order, when ordered.

2. Did the [trial court] correctly rule that [Shaffer] failed to properly appeal the [trial court's] Order of January 23, 2014.

Shaffer's Brief at 5. For ease of review, we address Shaffer's second issue first.

Shaffer argues that the trial court incorrectly determined that his February 10 notice of appeal was insufficient and, thus, Shaffer never appealed the January 23 order. Because this is a legal question, our standard of review is *de novo*. **See Tucker v. R.M. Tours**, 977 A.2d 1170, 1172 (Pa. 2009).

Shaffer argues that he filed a timely notice of appeal of the January 23 order. Therefore, he contends, even if the notice of appeal was defective, the trial court erred in concluding that Shaffer had waived any objection to the January 23 order. Shaffer's Brief at 13-14. In reviewing the issue, the trial court found that Shaffer had not filed a correct appeal and had waived his right to appeal the January 23 order. Trial Court Opinion, 1/13/2015, at 2 (unnumbered).

There is no doubt that Shaffer's February 10, 2014 notice of appeal did not comply with Pa.R.A.P. 904. Shaffer did not indicate that he was appealing to this Court. **See** Pa.R.A.P. 904(a). Shaffer did not include a request for transcript or a copy of the docket showing the January 23 order's entry. **See** Pa.R.A.P. 904(c), (d).

However, Pa.R.A.P. 902 provides that:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. The note to Rule 902 states:

The notice of appeal is filed in the lower court and copies thereof, together with copies of the proof of service, are mailed and delivered to all who need to know of the appeal: other parties, lower court judge, official court reporter. The clerk of the trial court transmits one set of the filed papers to the appellate prothonotary (with the requisite filing fee).

Pa.R.A.P. 902 Note. As our Supreme Court has held, "[a] timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). "While the Prothonotary must inspect documents that are sent for filing to ensure they are in proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum." *Commonwealth v. Willis*, 29 A.3d 393, 396 (Pa. Super. 2011) (emphasis omitted).

Here, Shaffer filed an imperfect, but timely, notice of appeal of the January 23 order. For reasons unknown, that notice of appeal was never transmitted to this Court. The clerk of the trial court never notified Shaffer of the defects. Shaffer never was given the opportunity to correct the

defects in his notice of appeal. He should have had that opportunity. Because the notice of appeal was timely, pursuant to Pa.R.A.P. 902, Shaffer's appeal of the January 23, 2014 order is still pending.

Regardless of the validity of Shaffer's notice of appeal, it remains in effect. Pursuant to Pa.R.A.P. 1701(b)(2), the trial court still has jurisdiction to enforce its order even after a notice of appeal has been filed, unless the order is stayed or supersedeas is granted. *See Glynn v. Glynn*, 789 A.2d 242, 245 n.4 (Pa. Super. 2001) (although appeal of order to pay alimony was pending, the trial court could enforce the order absent supersedeas and find the husband in contempt for failure to pay according to the alimony order); *Tanglwood Lakes Cmty. Ass'n v. Laskowski*, 616 A.2d 37, 39 (Pa. Super. 1992) (holding that, absent supersedeas, a trial court retains the authority to enforce orders and order sanctions for failure to comply); *Travitzky v. Travitzky*, 534 A.2d 1081, 1084 n.3 (Pa. Super. 1987). Nothing in the record indicates that Shaffer sought a stay or supersedeas of the order pursuant to Pa.R.A.P. 1731 or 1732. Therefore, the trial court had jurisdiction to enforce its January 23, 2014 order notwithstanding Shaffer's notice of appeal.

Further, Shaffer does not contend that the July 10 order was incorrectly decided. In fact, he makes no argument at all regarding the July 10 order. Therefore, because Shaffer provides no reason to hold that the July 10 order was entered in error and because the trial court had the ability to enforce its January 23 order, we affirm the July 10 order. However,

because the appeal of the January 23 order is still pending, Shaffer may take the necessary steps to perfect that appeal.

Turning to Shaffer's remaining issue, he argues that he was not in contempt of the Butler County PFA and that the January 23 order finding him in contempt was incorrectly decided. Shaffer's Brief at 8-12. As discussed above, the appeal of the January 23 order has not yet been perfected. As such, the trial court has not provided its rationale for that order in its Rule 1925(a) opinion. Even if we could consider an order when the appeal had not ripened, without that rationale, our review is hindered. If Shaffer takes the steps to perfect his timely notice of appeal of the January 23 order and it is transmitted to this Court, the trial court's and parties' obligations pursuant to Pa.R.A.P. 1925 will trigger and a briefing schedule will be set. Then, this Court will have the record, a developed argument, and the trial court's rationale required to provide appellate review. At this time, the issue is not ripe and we cannot address it.[4]

Order affirmed.

_____

[4] Shaffer filed a motion to supplement the record. Because the material he wishes to submit to this Court pertains to the January 23 order and because the appeal of that order is not yet ripe, we deny the motion without prejudice to Shaffer submitting it once his appeal has ripened.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2015